UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CHARLIE F. ARNOLD | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | NO. 2:04-CV-411 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## MEMORANDUM OPINION

The plaintiff Charlie F. Arnold has filed a motion for a judgment on the pleadings on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt to deny his application for disability insurance income under the Social Security Act. The defendant has filed a motion for summary judgment.

Mr. Arnold was born in 1949 and was 54 years old at the time of his administrative hearing. [Tr. 372]. He graduated high school and has relevant past work experience as a chemical operator. [Tr. 372]. Mr. Arnold alleges he is disabled as of January 1, 2000, from atrial fibrillation, an eye injury, hearing loss, and arthritis. [Tr. 16]. Based upon a finding that his impairments were severe but not severe enough, the Administrative Law Judge [ALJ] found that Mr. Arnold was not disabled as defined by the Social Security Act. [Tr. 20].

At Mr. Arnold's administrative hearing held on May 13, 2004, the testimony of Mr. Arnold, Emma Jean Arnold, and vocational expert Donna Bardsley was received into evidence. [Tr. 372-95]. Mr. Arnold testified he last worked as a chemical operator at Eastman, and he was employed there for almost 32 years. [Tr. 372, 381]. He stopped working there when he was offered retirement. [Tr. 374]. At that time, he had been experiencing back and heart problems. [Tr. 373]. He also has severe hearing loss in both of his ears. [Tr. 377]. Mr. Arnold testified he helps with household chores, drives to the grocery store, plays the guitar, attends church, and visits with family and friends. [Tr. 376-77].

Ms. Emma Arnold, Mr. Arnold's wife, testified next. [Tr. 387-92]. She testified Mr. Arnold used to be able to help around the house, but when he does so now, "he pays the next day." [Tr. 388].

Vocational expert Donna Bardsley testified next. [Tr. 392-95]. She classified Mr. Arnold's prior relevant work as a chemical operator as medium and skilled. [Tr. 393]. The ALJ then asked her to consider a person of Mr. Arnold's age, education, and background, who had mild hearing loss and the residual functional capacity [RFC] for light and medium work. [Tr. 393]. Such a person, according to Ms. Bardsley, could work as a sales clerk, cashier, information clerk, order clerk, stock clerk, sorter,

2

cleaner, hand packager, and assembler. [*Id.*].

The ALJ ruled that Mr. Arnold was not disabled because his severe impairments of lumbar degenerative disc disease and lumbar spondylosis were not severe enough. [Tr. 20]. The ALJ then found he retained the RFC to perform light and medium work, and his past relevant work as a chemical operator fit that RFC. [Tr. 21].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Arnold requests a judgment on the pleadings and challenges the ALJ's rejection of the opinion of Dr. Mark Jenkins, Mr. Arnold's treating physician. In April 2003, Dr. Jenkins completed a checklist which indicated, absent any medical support, that Mr. Arnold could not perform sedentary, light, medium, or heavy work.

3

[Tr. 345]. The ALJ noted that this opinion of Dr. Jenkins was inconsistent with the doctor's treatment notes, which never suggested that Mr. Arnold's back pain was disabling but did show that he was physically active. [Tr. 21]. The ALJ also noted that laboratory findings indicated that Mr. Arnold only had mild degenerative changes in his back. [Tr. 19]. Finally, the ALJ claimed that Dr. Jenkins' opinion was submitted prior to additional evidence that showed improvements in Mr. Arnold's condition. [Tr. 21].

Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

In Mr. Arnold's case, the opinion of Dr. Jenkins not only was contradicted by his own treatment notes but also by objective laboratory diagnostic tests. As such, there was substantial evidence to support the ALJ's decision that Dr. Jenkins' opinion that Mr. Arnold was essentially unable to work was inconsistent and unsubstantiated.

Mr. Arnold also contends the ALJ erred by not considering his impairments in combination. Impairments have been considered in combination when the ALJ refers

4

to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Mr. Arnold's impairments at least two times in his decision. [Tr. 20, 21]. The ALJ focused Mr. Arnold's RFC on his hearing loss and back pain. [Tr. 21]. Finally, the hypothetical questions the ALJ asked the vocational expert took into account Mr. Arnold's hearing loss and back pain. [Tr. 393.] Based on the Sixth Circuit framework, the ALJ considered Mr. Arnold's impairments in combination.

Mr. Arnold also argues the ALJ erred because the hypothetical questions asked of the vocational expert were inaccurate. Mr. Arnold specifically claims that his hearing loss should have been labeled by the ALJ as severe instead of mild in the questions asked of the vocational expert. The ALJ, however, had substantial evidence that Mr. Arnold's hearing loss was, indeed, mild. As the ALJ noted in his decision, Mr. Arnold's otolaryngologist found he retained good speech discrimination scores and his hearing was improved when he wore his hearing aids. [Tr. 18]. The ALJ based his questions to the vocational expert on the objective medical evidence of record.

Finally, Mr. Arnold argues the ALJ erred by finding that his subjective allegations of disabling pain were not supported by the record as a whole. The ALJ

5

made note that Mr. Arnold's symptoms improved with treatment, he had never been treated for severe pain, and he described significant daily activities. The ALJ had substantial evidence to support his credibility finding. Ultimately, however, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

After careful consideration of the entire record of proceedings related to this case, Mr. Arnold's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

 s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE